UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

**JENNIFER A. ROYCE**
5332 68th Street
Kenosha, WI 53142

    Plaintiff,

 vs.

Case No. __11-cv-602__

**WHEATON FRANCISCAN SERVICES
EXECUTIVE LTD PLAN**
400 West River Woods Parkway
Milwaukee, WI 53212

and

**LIFE INSURANCE COMPANY
OF NORTH AMERICA**
Registered Agent:
CT CORPORATION SYSTEM
8040 Excelsior Drive, Suite 200
Madison, WI 53717

    Defendants.

---

## COMPLAINT

---

  The Plaintiff, Jennifer A. Royce, by her attorneys, Hawks Quindel, S.C., for her complaint against the above-named Defendants, hereby states as follows:

### PARTIES

  1. Plaintiff, Jennifer A. Royce ("Plaintiff") is an adult resident of the State of Wisconsin and currently resides in Kenosha, Wisconsin.

2. Defendant, Wheaton Franciscan Services Executive LTD Plan ("the Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended. The Plan's registered agent for service, upon information and belief, is located at 400 West River Woods Parkway, Milwaukee, Wisconsin.

3. Defendant, Life Insurance Company of North America ("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of Pennsylvania, licensed to do business in Wisconsin, with its principal place of business at 1601 Chestnut Street, Philadelphia, Pennsylvania. Insurance Company's registered agent for service is CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, Wisconsin. Upon further information and belief, LINA uses the trade names or service marks "CIGNA" or "CIGNA Group Insurance" to conduct business.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to enforce the provisions of the Plan pursuant to ERISA §502(a)(3).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Eastern District of Wisconsin, Milwaukee Division pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in

this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff has exhausted her administrative remedies as a condition precedent to filing this action.

## FACTS

8. Plaintiff was employed by Wheaton Franciscan Healthcare ("Employer") until April 2010 when she could longer perform the duties of her occupation.

9. During the course of Plaintiff's employment with Employer, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

10. The Plan purports to provide financial protection for eligible employees who become disabled, by paying said disabled employees a percentage of their pre-disability monthly earnings.

11. The Plan defines "Disabled" as follows:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; or
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

> After disability benefits have been payable for 24 months, the employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; or
> 2. unable to earn 80% or more of his or her Indexed Earnings.

12. As of April 2010, Plaintiff became unable to continue to perform her job duties with Employer as a result of psychological, cognitive, and physical problems, including depression, anxiety, attention deficit hyperactivity, and Raynaud's disease, among other things.

13. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

14. Defendants denied Plaintiff's LTDI benefits claim on July 14, 2010. The basis for Defendants' denial of Plaintiff's LTDI benefits claim was stated in a July 14, 2010 letter and in a June 2, 2011 letter affirming the denial.

15. Plaintiff timely appealed Defendants' denial of her benefits claim.

16. Defendants failed to consider the issues raised in Plaintiff's administrative appeals.

17. At all times material to this case, the Plan has remained in full force and effect.

## FIRST CAUSE OF ACTION:
## DENIAL OF BENEFITS IN VIOLATION OF
## SECTION 502(a)(1)(B) OF ERISA

18. The preceding paragraphs are reincorporated by reference as though set forth here in full.

19. Since April 2, 2010, Plaintiff has been disabled, as that term is defined by the Plan.

20. Defendants have interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

21. Upon information and belief, Defendants have inconsistently interpreted the terms and conditions of the Plan from one case to the next.

22. As both the payer of claims and the adjudicator of claim eligibility, Insurance Company has an inherent conflict of interest.

23. Defendants' denial of Plaintiff's LTDI benefits was "downright unreasonable."

24. For these and other reasons, Defendants acted in violation of Section 502(a)(1)(B) of ERISA, when it wrongfully denied Plaintiff's claim for LTDI benefits.

**WHEREFORE** the Plaintiff, Jennifer A. Royce, demands judgment from the Defendants for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: June 21, 2011

                              **HAWKS QUINDEL, S.C.**

                By: */s/ William E. Parsons*
                    William E. Parsons, State Bar No. 1048594
                    Email: wparsons@hq-law.com
                    Danielle M. Schroder, State Bar No. 1079870
                    Email: dschroder@hq-law.com
                    222 West Washington Avenue, Suite 450
                    Post Office Box 2155
                    Madison, Wisconsin 53701-2155
                    Telephone: 608/257-0040
                    Facsimile: 608/256-0236

                    Attorneys for Plaintiff, Jennifer A. Royce